IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. WILFDREDO PICON-RIVERA, Defendant. | Criminal No. 98-291 (SEC) |

**OBJECTIONS TO THE PRE-SENTENCE REPORT**

TO THIS HONORABLE COURT:

**COMES NOW** defendant Wilfredo Picón-Rivera, by and thru his undersigned attorney and to this Honorable Court, respectfully prays, in opposition to the pre-sentence report disclosed December 2, 2004, that the enhancements proposed by USPO Carlos F. Cancio, pursuant to § 2F1.1(b)(1)(I), § 2F1.1(b)(2)(A) and § 3B1.3 of the Sentencing Guidelines, be stricken. As grounds thereto, the defendant states as follows.

1. On January 24, 2002, the defendant made a "straight plea" to a three-count indictment returned December 17, 1998. The indictment charged a conspiracy to introduce and deliver for introduction into interstate commerce milk which had been diluted with salt and water April 5, March 11 and June 28, 1997.

**Specific Offense Characteristics**:

    2. The USPO is holding the defendant accountable for 242,871 liters of adulterated milk that were transported and delivered on eleven (11) occasions comprising the conspiracy to include the dates charged in the indictment April 5, March and June 28, 1997. The 242,871 liters transported and delivered by the tankers multiplied by the price paid to the defendant per liter, $0.96, resulted in a loss of $233,156. As such, the USPO suggests an 8-level enhancement pursuant to USSG § 2F1.1(b)(1)(I).

    3. The USPO has also indicated that since the commission of the offense involved repetitive acts, more than minimal planning occurred. The USPO thus suggests a 2-level enhancement pursuant to USSG § 2F1.1(b)(2)(A).

Role in the Offense Adjustment:

    4. The defendant was trained and certified by the authorities in the operation of a dairy farm and thereby abused a position of public trust as owner of the dairy farm by personally engaging in the adulteration of milk. As such, the USPO suggests a 2-level enhancement pursuant to USSG § 3B1.3.

**Sentencing Options**:

5. With a total offense level of 15 and a criminal history category of I, the guideline imprisonment range is 18 to 24 months. The sentencing guidelines require that the minimum term be served in prison.

**The Alleged Loss**:

6. The 8-level enhancement pursuant to § 2F1.1(b((2)(A), now 2B1.1, suggested by the USPO can not stand. The defendant made a "straight plea". The indictment does not include a loss calculation, nor can a loss be inferred from the language of the indictment. No loss was stipulated. Furthermore, the loss was never submitted to a jury, and proved beyond a reasonable doubt, as required by *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L.Ed. 2d 435, 120 S.Ct. 2348 (2000)("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed **statutory maximum** must be submitted to a jury and proved beyond a reasonable doubt.")

7. June 24, 2004, the Supreme Court decided *Blakely v. Washington*, 542 U.S. \_\_\_\_\_ (2004). According to *Blakely*, the **statutory maximum** for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the

<u>facts reflected in the jury verdict or admitted by the defendant</u>. In other words, the relevant **statutory maximum** is not the maximum sentence a judge may impose after finding additional facts but <u>the maximum he may impose without additional findings</u>.

8. Under *Apprendi*, with a total offense level of 4 (a base offense level of 6, the maximum this Honorable Court could impose without additional findings, less a 2-level reduction for acceptance of responsibility) and a criminal history of I, the guideline imprisonment range is 0-6. The defendant would thus be eligible for probation pursuant to both, the statute, 18 U.S.C. § 3561, and the Sentencing Guidelines, § 5C1.1(b).

**More Than Minimal Planning:**

9. USSG § 1B1.11 states that the court shall use the Guideline Manual in effect on the date that the defendant is sentenced. Section 2F1.1 of the Sentencing Guidelines was deleted by consolidation with § 2B1.1 effective November 1, 2001. Therefore, the 2-level enhancement pursuant to USSG § 2F1.1(b)(2)(A) (more than minimal planning) is against the law.

**Abuse of a Position of Public Trust:**

10. The wording of the indictment does not indicate that <u>the defendant was trained and certified by the local authorities in the operation of a dairy farm</u> and thus held a position of public trust which he infringed by personally engaging in the adulteration of milk, as suggested by the USPO. This 2-level enhancement is not warranted.

**WHEREFORE**, it is respectfully requested that this Honorable Court strike the enhancements proposed by USPO Carlos F. Cancio, pursuant to § 2F1.1(b)(1)(I), § 2F1.1(b)(2)(A) and § 3B1.3 of the Sentencing Guidelines.

In San Juan, Puerto Rico, December 13, 2004.

Respectfully submitted,

s/ *Francisco M. Dolz Sánchez*
Francisco M. Dolz Sánchez
USDCPR 119614
Attorney for Defendant
Wilfredo Picón-Rivera
PO Box 361451
San Juan, PR 00936-1451
(787)759-8780
(787)756-8004
fdolz@prtc.net

USA v. Wilfredo Picón-Rivera
Criminal No. 98-291 (SEC)
Objections to Pre-Sentence Report
Page 6

---

**Certificate of Service**

```
     I   certify   that   today,   the   undersigned   filed   the
foregoing using the CM/EFC system which will send notice of
said filing to all counsel of record and the U.S. Probation
Office.
```

                                                s/    *Francisco M. Dolz Sánchez*
                                                           Francisco M. Dolz Sánchez