IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILFREDO PICON-RIVERA,<br><br>Defendant. | Criminal No. 98-291 (SEC) |

**OPPOSITION TO GOVERNMENT'S MOTION FOR CONTINUANCE**

TO THIS HONORABLE COURT:

**COMES NOW** defendant Wilfredo Picón-Rivera, by and thru his undersigned attorney and to this Honorable Court, respectfully states and prays:

1. Sentencing hearing in this case is scheduled for December 27, 2004.

2. December 9, 2004, the government requested a continuance of the sentencing hearing for February 2005, alleging that the Supreme Court is about to issue a written opinion in the case of *United States v. Fanfán*, 125 S.Ct. 5 (July 21, 2004); that this written opinion would clarify an uncertainty created by *Blakely*; that this written opinion would clearly and completely dispose of the issue raised by the defendant in his objections to the pre-sentence report; lastly, that the defendant would not

suffer any undue prejudice because he would remain free in the community.

    3. The government's position is untenable. The defendant has objected to the "loss" computation suggested in the PSR (d/n 133) because the "loss" was never submitted to a jury, and proved beyond a reasonable doubt, as required by *Apprendi v. New Jersey*, 530 U.S. 466, 490; 147 L.Ed. 2d 435, 120 S.Ct. 2348 (2000). *Apprendi* is still good law. Pursuant to *Apprendi*, this Honorable Court would have to sentence the defendant to a term of probation.

    4. The defendant had not raised *Blakely* or *Fanfán* issues before this Honorable Court. However, in view of the First Circuit's most recent case law *re Blakely*, *ie,* *United States v. Del Rosario and Pacheco* (Nos. 02-2377 and 03-1006), *United States v. Martínez-Bermúdez* (No. 02-2419), *United States v. Stearns* (No. 03-2340) and *United States v. Coyne* (No. 03-2013), which hold that *Blakely* issues must be first presented to the district court so as not to waive or forfeit the same, the defendant **now** objects to the enhancements proposed in the PSR pursuant to § 2F1.1(b)(2)(A), now 2B1.1, § 2F1(b)(2)((A), and § 3B1.3 of the Sentencing Guidelines for said enhancements constitute violations to *Blakely v. Washington*, 542 U.S. \_\_\_\_\_ (2004),

much more so since the defendant made a "straight plea", the indictment does not suggest the "loss" computation, the "loss" was not stipulated, the wording of the indictment does not suggest that there was more than minimal planning and this enhancement is against the law, lastly, the wording of the indictment does not suggest that the defendant was trained and certified by the local authorities in the operation of a dairy farm.

**WHEREFORE**, it is respectfully requested that the government's motion for continuance until February 2005, to wait for the decision of *Fanfán* be denied, and that the sentencing hearing be held as re-scheduled, December 27 2004.

In San Juan, Puerto Rico, on December 14, 2004.

Respectfully submitted,

s/ *Francisco M. Dolz Sánchez*
Francisco M. Dolz Sánchez
USDCPR 119614
Attorney for
Wilfredo Picón-Rivera
PO Box 361451
San Juan, PR 00936-1451
Tel (787)759-8780
Fax (787)756-8004
Cel (787)309-4378
e-mail: fdolz@prtc.net

USA v. Wilfredo Picón-Rivera
Criminal No. 98-291 (SEC)
Opposition to Government's Motion for Continuance
Page 4

---

**Certificate of Service**

I certify that today, the undersigned filed the foregoing using the CM/EFC system which will send notice of said filing to AUSA Deireé Laborde Sanfiorenzo. USPO Carlos F. Cancio was served to his e-mail address: Carlos_Cancio@prp.uscourts.gov.

                                                     s/ *Francisco M. Dolz Sánchez*
                                                          Francisco M. Dolz Sánchez