IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>WILFREDO PICON-RIVERA,<br>Defendant. | CRIMINAL NO. 98-291(SEC) |

**UNITED STATES OF AMERICA'S OPPOSITION TO DEFENDANT'S
OBJECTIONS TO THE PRESENTENCE REPORT**

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by its attorneys and very respectfully informs and prays as follows:

1. The Court scheduled defendant's third sentencing hearing in the captioned case for December 27, 2004, at 9:00 a.m.

2. On December 13, 2004, defendant filed his objections to the Presentence Investigation Report. Essentially, defendant claims that no enhancements whatsoever can be entertained and granted by the Court. Defendant cited <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), as the basis for his argument.

3. The United States hereby requests the Court to adopt and grant all enhancement recommended in the Presentence Investigation Report. The basis for our request is stated below.

4. First, the Court of Appeals for the First Circuit has already reviewed the captioned on two occasions. On each of said reviews, the Court of Appeals sustained all the enhancements

recommended in the Presentence Investigation Report. In fact, the case has been remanded twice to the U.S. District Court so that said enhancements be adopted by the Court.

5. Secondly, Blakely v. Washington, supra, does not apply to the case at bar, and thus, is not dispositive of the instant issue. The First Circuit Court precedent in force at the time of defendant's two prior sentencing hearings clearly provided that the aggravating sentencing factors (or enhancements) did not have to be presented to a jury or be proven beyond a reasonable doubt. United States v. Rosario, 388 F.3d 1 (1st Cir. 2004). Consequently, the Court has the authority to grant the enhancements recommended in the Presentence Investigation Report. Moreover, in this particular case, the Court of Appeals remanded the case to the District Court so that said enhancements be adopted by it.

6. The Supreme Court has granted certiorari in two cases to resolve the instant issue. United States v. Booker, 2004 WL 1713654 (Aug. 2, 2004); and United States v. Fanfan, 2004 WL 1713655 (Aug. 2, 2004). However, the United States submits that even if Blakely v. Washington, supra, is held to apply to the federal guidelines, there is no basis for reversal in this particular case. See, United States v. Savarese, 385 F.3d 15 (1st Cir. 2004). Defendant has never raised the jury trial and/or beyond a reasonable doubt, standard issues in the District Court, nor did he ever request a jury trial with respect to factual issued relating to the sentencing. (Id. at 21). Defendant has never raised a factual dispute as to any of the enhancements. (Id. at 59). (See, Presentence Investigation Report and motions on record).

7. In the alternative, the United States submits to the Honorable Court that in this particular case, defendant has never advanced – and cannot advance – an argument on his behalf showing that the Court's adoption and grant of the sentencing enhancements at issue may constitute an error that "seriously affect the fairness, integrity or public reputation of judicial proceedings."

3

Id., at 22, quoting United States v. Olano, 507 U.S. 725, 736 (1993). Appeals has sustained all the enhancements recommended in the Presentence Investigation Report. In fact, the case has been remanded twice to the U.S. District Court so that said enhancements be in fact adopted by the Court.

8.      Secondly, Blakely v. Washington, supra, does not apply to the case at bar, and, thus, is not dispositive of the issue raised by defendant. The First Circuit Court precedent in force at the time of defendant's sentencing hearings provided that aggravating sentencing factors did not be presented to a jury or be proven beyond a reasonable doubt so long as the resulting sentence did not exceed statutory maximum.

WHEREFORE, the United States respectfully requests the Honorable Court to: take notice of the United States' opposition to defendant's objections to the Presentence Investigation Report; deny said objections; and adopt and grant all enhancements recommended in the Presentence Investigation Report.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 23rd of December, 2004.

H.S. GARCIA
United States Attorney


S/Desirée Laborde-Sanfiorenzo
Desirée Laborde-Sanfiorenzo
Bar No. 208110
Assistant U. S. Attorney
Suite 1201, Torre Chardón
350 Carlos Chardón Avenue
Hato Rey, Puerto Rico  00919
Tel. (787) 766-5656
desiree.laborde@usdoj.gov

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on December 9, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Francisco Dolz, Esq.; and Carlos Cancio, U.S. Probation Officer.

At San Juan, Puerto Rico, December 23, 2004.

<u>S/Desirée Laborde-Sanfiorenzo</u>
Desirée Laborde-Sanfiorenzo
Bar No. 208110
Assistant U. S. Attorney
Suite 1201, Torre Chardón
350 Carlos Chardón Avenue
Hato Rey, Puerto Rico  00919
Tel. (787) 766-5656
desiree.laborde@usdoj.gov